**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

RICHARD A. HIGHTOWER,              *
                                   *
    Plaintiff,                 *
                                   *
vs.                         * CIVIL ACTION NO. 26-00127-KD-B
                                 *
PAUL BURCH, *et al.*,         *
                                 *
    Defendants.               *

<u>**ORDER**</u>

Plaintiff Richard A. Hightower ("Hightower"), who is proceeding without an attorney (*pro se*), commenced this civil action by filing a complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2). This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

The Court has reviewed Hightower's motion to proceed without prepayment of fees and has determined that Hightower lacks the funds to pay the filing fee for this action. Accordingly, Hightower's motion to proceed without prepayment of fees (Doc. 2) is **GRANTED**.

The Court has also reviewed Hightower's complaint (Doc. 1). For the reasons discussed below, the Court finds that the complaint fails to state a claim upon which relief may be granted against Defendant Sheriff Paul Burch and fails to state a viable claim for injunctive relief. Because Hightower is proceeding without an

attorney, the Court has set out the deficiencies in his complaint and the legal standards for his claims.  With this guidance, the Court will afford Hightower an opportunity to amend his complaint to address his previous complaint's deficiencies, to the extent he is able to do so.

## I.    Complaint Allegations

In his complaint, Hightower names as Defendants Mobile County Sheriff Paul Burch ("Sheriff Burch") and Mobile County Sheriff's Deputy Douglas W. Walley, Sr. ("Deputy Walley").  (Doc. 1 at 2).

Hightower indicates that he was placed on electronic monitoring through a private company as part of the conditions of his bond.  (Id. at 7).  On February 17, 2025, the Mobile County Sheriff's Department took over electronic monitoring of Hightower and required him to either sign a new "contract which essentially waived his constitutional rights" or "be arrested and taken to jail."  (Id.).  Hightower signed the contract "under extreme duress" and was informed that his new electronic monitoring conditions required him "to remain in his home."  (Id.).

The next day, February 18, 2025, Hightower's case was "no-billed" by the Mobile County grand jury.  (Id.).  When Hightower learned that his case had been no-billed, he informed Deputy Walley, who was in charge of his electronic monitoring, and requested to be removed from electronic monitoring.  (Id.).  However, Deputy Walley told Hightower that the no-bill "was irrelevant to him and

had no power over him" and that Hightower "would remain on house arrest and electronic monitoring" until Deputy Walley received a court order for his release. (Id. at 8). Hightower immediately notified his attorney, who informed him by email "that there was no need for a court order, as the documentation was plainly visible in alacourt.gov for all parties to access." (Id.). Hightower's bonding company also assured him "that he was no longer under bond conditions and, therefore, in effect, free." (Id.).

On Friday, February 21, 2025, Hightower messaged Deputy Walley via the Enrollee app. (Id.). Hightower informed Deputy Walley that both his lawyer and the judge's assistant had told him there was no need for a court order, and he expressed his concern that Deputy Walley's refusal to release him from electronic monitoring was a violation of his rights. (Id.). Two hours later, Deputy Walley sent a "bellicose response (in all caps)" reiterating that he would not remove Hightower's ankle monitor or release him from house arrest without a court order. (Id. at 9). On the evening of February 21, 2025, Hightower sent "one final message" to Deputy Walley reemphasizing his concern that he was "being held captive in his own home" and was "being unconstitutionally restrained." (Id. at 9-11). Deputy Walley did not respond to the message. (Id. at 11).

On February 21, 2025, Hightower's attorney filed a motion for relief from bond conditions. (Id.). Three days later, on February

3

24, 2025, the court granted the motion and entered an order for Hightower to be released from electronic monitoring. (Id.). Shortly after the order was entered, Hightower sent Deputy Walley a link to the order and "begged" to be released "from the monitoring and its restrictive conditions." (Id.). Deputy Walley again "refused" to respond. (Id.). "After a few hours with no response," Hightower, "risking arrest, left his home in Mississippi en route to the Mobile County Sheriff's Department in the hope of having the monitor removed." (Id.). When Hightower arrived at the Mobile County Sheriff's Department late on the afternoon on February 24, 2025, a different deputy met with him and removed the monitor from his person, thereby finally releasing Hightower "from custody and the draconian conditions imposed on him through coercion by the Mobile County Sheriff's Department and its Defendant agent" Deputy Walley. (Id. at 11-12). Deputy Walley "was conspicuously absent, and never made an appearance during the process." (Id. at 12).

Hightower alleges that by refusing to release him from electronic monitoring after his case was no-billed by the grand jury, Deputy Walley acted with "malicious intent" to "unduly restrain" him "and deprive him of his constitutional rights." (Id.). Hightower asserts that Deputy Walley's actions violated his rights under the "Fifth and Fourteenth amendments Due Process

Clause prohibiting unlawful confinement or detention without legal authority or justification." (Id. at 3).

For relief, Hightower "is seeking $500,000.00 in compensatory and punitive damages for the days he spent on house arrest after his case was no-billed." (Id. at 4, 12). Hightower also seeks "an injunction compelling Deputies to be in constant communication with the courts so that they are updated by the courts when a defendant's case is no-billed or dismissed or in any other way disposed, in order to prevent others from enduring the same injustices as Plaintiff." (Id.).

## II.  Standards of Review

Because Hightower is proceeding *in forma pauperis*, the Court has conducted an initial screening review of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]  Section 1915(e)(2)(B) requires a district court to dismiss an action brought by a plaintiff proceeding *in forma pauperis* if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from

---

[1] "[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike." Taliaferro v. United States, 677 F. App'x 536, 537 (11th Cir. 2017) (per curiam); see Troville v. Venz, 303 F.3d 1256, 1259-60 (11th Cir. 2002) (per curiam) ("find[ing] no error" in the district court's dismissal of a non-prisoner's complaint under § 1915(e)(2)(B)(ii)).

such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Dismissal for these causes is mandatory rather than discretionary.  See id.

A claim is frivolous under § 1915 "when it appears the plaintiff has 'little or no chance of success.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude a claim has little or no chance of success when the claim is "based on an indisputably meritless legal theory," or when its "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  A claim is frivolous as a matter of law if it is clear the defendant is immune from suit, id., if the plaintiff claims infringement of a legal right that clearly does not exist, id., or if an affirmative defense, such as a statute of limitations, would defeat the claim.  Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 & n.2 (11th Cir. 1990).

Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6).  Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001) (per curiam). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

6

inference that the defendant is liable for the misconduct alleged."
Id.  Additionally, when a successful affirmative defense appears
on the face of a complaint, dismissal for failure to state a claim
is warranted.  Jones v. Bock, 549 U.S. 199, 215 (2007).

*Pro se* pleadings such as Hightower's complaint "are held to
a less stringent standard than pleadings drafted by attorneys and
will, therefore, be liberally construed."  Tannenbaum v. United
States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  However,
"this leniency does not give a court license to serve as *de facto*
counsel for a party, or to rewrite an otherwise deficient pleading
in order to sustain an action."  Campbell v. Air Jamaica Ltd., 760
F.3d 1165, 1168–69 (11th Cir. 2014) (internal quotation marks and
citation omitted).  A *pro se* litigant is still "subject to the
relevant law and rules of court, including the Federal Rules of
Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.
1989).

**III. Discussion**

Hightower appears to be asserting one or more claims under 42
U.S.C. § 1983, which provides a private cause of action against
persons acting under color of state law for violations of
constitutional rights and other federal laws.  See 42 U.S.C. §
1983; Williams v. Baxter, 2022 U.S. Dist. LEXIS 249694, at *2,
2022 WL 22393543, at *1 (N.D. Ga. Jan. 21, 2022) (explaining that

§ 1983 "is the vehicle that provides a remedy for deprivations of rights established elsewhere in the Constitution").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts showing that (1) a person acting under the color of state law (2) deprived him of a right secured under the United States Constitution or federal law.  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).

### A.  Sheriff Burch

Hightower has named Sheriff Burch and Deputy Walley as defendants in this action, but his complaint contains no particular allegations relating to Sheriff Burch and there is no indication that Sheriff Burch was personally involved in the constitutional deprivations alleged in the complaint.  Instead, Hightower appears to have named Sheriff Burch as a defendant solely because he holds a supervisory position.

However, it is well established that public officials in supervisory positions cannot be held vicariously liable under § 1983 for the acts of their subordinates.  See, e.g., Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007) (noting that there is no "vicarious liability, including respondeat superior, in § 1983 actions").  To hold a supervisory defendant liable under § 1983, a plaintiff "must show that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the

8

alleged constitutional violation." Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014). A causal connection can be established in various ways. First, the plaintiff may show that there was a history of widespread abuse which put the responsible supervisor on notice of the need to correct the alleged deprivation, and that the supervisor failed to do so. Id. Second, the plaintiff may show that a policy or custom put in place by the supervisor resulted in deliberate indifference to his constitutional rights. Id. Or third, a plaintiff may allege facts which support an inference that the supervisor directed the subordinates to act unlawfully, or that the supervisor knew that the subordinates would act unlawfully and failed to stop them from doing so. Id. "[T]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Id. at 1298-99 (citation and internal quotation marks omitted).

As currently drafted, Hightower's complaint is devoid of any facts showing a causal connection between Sheriff Burch's actions, orders, customs, or policies and the claimed deprivation of his constitutional rights. Instead, Hightower describes Deputy Walley as the person who repeatedly refused to release him from electronic monitoring and house arrest after his case was no-billed by the grand jury. Indeed, Hightower's complaint repeatedly refers to a "Defendant" in the singular who is clearly Deputy Walley based on the context of the allegations. (See Doc. 1 at 4, 7-12).

9

Because Hightower's complaint fails to sufficiently allege a causal connection between Sheriff Burch's actions or omissions and the alleged unlawful detention, it fails to state a claim upon which relief may be granted against Sheriff Burch under § 1983.

**B.  Requested Injunctive Relief**

As noted previously, Hightower seeks both damages and "an injunction compelling Deputies to be in constant communication with the courts so that they are updated by the courts when a defendant's case is no-billed or dismissed or in any other way disposed, in order to prevent others from enduring the same injustices as Plaintiff."  (Id. at 4, 12).

A party seeking injunctive relief "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future."  Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999).  Thus, when a plaintiff seeks injunctive relief, as opposed to damages for injuries already suffered, he "must allege and ultimately prove 'a real and immediate—as opposed to a merely hypothetical or conjectural— threat of *future* injury.'"  Strickland v. Alexander, 772 F.3d 876, 883 (11th Cir. 2014) (emphasis in original) (citation omitted).

Hightower does not suggest that his past exposure to alleged illegal conduct has continued, or that he is under a present or immediate threat of repeated injury from over detention following the disposition of a criminal case in Mobile County.  Thus, his

request for injunctive relief is moot.  Moreover, it appears that Hightower is seeking injunctive relief on behalf of other individuals to "prevent" them "from enduring the same injustices" he allegedly endured.  However, a *pro se* plaintiff may not seek relief on behalf of other individuals.  See, e.g., Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (per curiam).  Thus, Hightower's complaint fails to state a viable claim for injunctive relief, and his request for injunctive relief is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Leave to Amend**

For the reasons discussed above, Hightower's claim(s) against Sheriff Burch and his request for injunctive relief are due to be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, "where a more carefully drafted complaint might state a claim," a court must give a *pro se* plaintiff "at least one chance to amend the complaint" before dismissing the action.  Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019).  Although Hightower cannot possibly obtain the injunctive relief requested in his complaint, it is conceivable that a more carefully drafted complaint could state a viable claim against Sheriff Burch.  Accordingly, the Court will grant Hightower the opportunity to file an amended complaint that contains sufficient factual allegations to state a claim upon which relief may be granted against Sheriff Burch.

11

Hightower is **GRANTED LEAVE** to file an amended complaint on or before **May 15, 2026.** If Hightower files an amended complaint by that date, the Court will screen the amended complaint under 28 U.S.C. § 1915(e)(2)(B). If Hightower does not file an amended complaint by that date, his claims against Sheriff Burch will be dismissed, and this action will proceed solely against Deputy Walley.

Hightower is hereby informed that a complaint in federal court must contain sufficient factual matter to state a facially plausible claim for relief. Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

If Hightower elects to file an amended complaint, the amended complaint will replace the original complaint in its entirety. Therefore, the amended complaint may not reference or seek to incorporate by reference any portion of the original complaint. See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against his adversary when an amended complaint is filed).

The Clerk is **DIRECTED** to send Hightower a copy of his original complaint (Doc. 1) for his reference, along with a copy of this Court's Pro Se Litigant Handbook.  Hightower is encouraged to review the Pro Se Litigant Handbook carefully and to utilize it in drafting an amended complaint.

**ORDERED** this **16th** day of **April, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

13