# UNITED STATES DISTRICT COURT

for the

Southern District of Alabama

__________ Division

FILED - USDC ALSD
MAY 12 '26 AM11:25

Richard A. Hightower

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Douglas W. Walley, Sr. - Mobile County Sheriff's Office

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 26-127-KD
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

AMENDED

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Richard A. Hightower |
| Street Address | 9524 MS 613 #1 |
| City and County | Moss Point, Jackson County |
| State and Zip Code | Mississippi 36562 |
| Telephone Number | 228-369-1753 |
| E-mail Address | zanymadcap@hotmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Douglas W. Walley, Sr. |
| Job or Title *(if known)* | Deputy, Mobile County Sheriff's Office |
| Street Address | 510 South Royal St. |
| City and County | Mobile, Mobile County |
| State and Zip Code | Alabama 36603 |
| Telephone Number | 251-574-2423 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Fifth and Fourteenth Amendments Due Process Clause prohibiting unlawful confinement or detension without legal authority or justification.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* Richard Hightower, is a citizen of the State of *(name)* Mississippi.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ________, is incorporated under the laws of the State of *(name)* ________, and has its principal place of business in the State of *(name)* ________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* Douglas Walley, Sr., is a citizen of the State of *(name)* Alabama. Or is a citizen of *(foreign nation)* ________.

b. If the defendant is a corporation

The defendant, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________.

Or is incorporated under the laws of *(foreign nation)* ______________________, and has its principal place of business in *(name)* ______________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The nature of the Defendant's willful disregard for his obligation of due diligence is egregious enough that it warrants a markedly high monetary sum, the better to help Defendant understand the extent to which his malicious negligence affects his victims, and indeed, the whole of the society.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ATTACHED

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE ATTACHED

---

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 5/12/26

Signature of Plaintiff: [signature]

Printed Name of Plaintiff: Richard A. Hightower

9524 MS 613 LOT #1
MOSS POINT MS 39562

### B. For Attorneys

Date of signing: ____________

Signature of Attorney: ____________

Printed Name of Attorney: ____________

Bar Number: ____________

Name of Law Firm: ____________

Street Address: ____________

State and Zip Code: ____________

Telephone Number: ____________

E-mail Address: ____________

RICHARD A. HIGHTOWER
STATEMENT OF COMPLAINT

1.

On February 17, 2025, Plaintiff was placed on electronic monitoring with the Mobile County Sheriff's Department as part of the conditions of his bond related to a separate federal complaint (1:26-cv-00128-JB-N).

2.

Prior to being placed with Mobile County Sheriff's Department Electronic Monitoring, Plaintiff had been with two other electronic monitoring companies, Pegasus and Accupoint, pursuant to Court Orders. Plaintiff never received a Court Order to transfer to Mobile County Sheriff's Department Electronic Monitoring. Plaintiff transferred to Mobile County Sheriff's Department Electronic Monitoring based solely on an email from his attorney, Scott Crongeyer. On the day that Plaintiff transferred to Mobile County Sheriff's Department Electronic Monitoring, he was forced by Mobile County Sheriff Deputy Douglas W. Walley, Sr. (hereafter known as Defendant Walley) to sign a contract which essentially relinquished his constitutional rights, subjecting him to unreasonable search and seizure, as Plaintiff had not been convicted of the crime for which he was charged. When Plaintiff politely expressed his concerns about how the contract requiring his signature was a violation of what little rights he had at that point, Defendant Walley informed Plaintiff that his rights were irrelevant, and that if Plaintiff did not sign the contract, he would be arrested and taken to jail. Plaintiff signed the contract under duress, making it known that his signature was not given voluntarily.

3.

After Plaintiff affixed his signature to the contract, Defendant Walley informed Plaintiff that the conditions under which Plaintiff had been living with the previous

monitoring companies no longer applied, the result of which meant that Plaintiff was to remain in his home. Defendant Walley informed Plaintiff that he would not be able to go to his mother's house or to transport his mother to her medical appointments, despite the fact that the judge in charge of Plaintiff's case (Spiro Cheriogotis) issued a Court Order specifically allowing Plaintiff to do those things.

4.

The next day, February 18, 2025, Plaintiff's case was no-billed by the Mobile County Grand Jury. When Plaintiff became aware of this no-bill and saw the status updated in alacourt.gov, he notified the Deputy in charge of his electronic monitoring, Defendant Walley, and requested to be removed from electronic monitoring. Defendant Walley informed Plaintiff that the no-bill, which was documented and easily accessible to him in alacourt.gov, was irrelevant to him and had no power over him. Defendant Walley further told Plaintiff that he would remain on house arrest and electronic monitoring until Defendant Walley received a court order for Plaintiff's release. Plaintiff immediately notified his attorney, Scott Crongeyer, who informed Plaintiff via email that there was no need for a Court Order, as the documentation was plainly visible in alacourt.gov for all parties to access. Plaintiff also spoke with his bonding company, Bay Town Bonding, who also assured Plaintiff that he was no longer under bond conditions and, therefore, in effect, free.

5.

At this point, Plaintiff began saving the communications between himself and Defendant Walley in the form of screenshots. On February 21, 2025, at 2:33pm, Plaintiff messaged Defendant Walley via the Enrollee app (a downloadable smartphone app

used as a communication nexus between defendants and the deputies in charge of monitoring them), informing Defendant Walley of the update Plaintiff received from all parties involved, and expressed concerns that Defendant's willful refusal to release Plaintiff from electronic monitoring was a clear and blatant violation of Plaintiff's rights. Plaintiff's respectfully worded message to Defendant Walley was as follows:

> "I hate to bother you but both my lawyer and Judge Bucci's assistant Pam (on behalf of Judge Bucci) said there is no need for a court order. But my lawyer filed a motion anyway. My bonding company informed me that I'm no longer under bond conditions. Based on the aforementioned, I have a good faith belief that my rights are being unduly violated. If there is any information you can provide that would satisfactorily inform me otherwise, I'd be most grateful."

6.

For a grueling two hours, Plaintiff anxiously awaited a response from Defendant Walley informing Plaintiff that he could have his electronic monitor removed and embark on a wonderful weekend trip with friends and family. Plaintiff was much too naive. Finally, after the aforementioned seemingly interminable two hours, at 4:17pm, Defendant Walley messaged Plaintiff through the Enrollee app. Defendant Walley's bellicose response (in all caps) reiterated that he would not remove Plaintiff's monitor or release Plaintiff from custody. Defendant Walley's threatening and intimidating message was as follows:

"AS I STATED LAST NIGHT WE CAN ONLY REMOVE AN ANKLE MONITOR WHEN THE COURT ORDERS US TO DO SO. UNTIL SUCH TIME YOU ARE TO REMAIN ON HOUSE ARREST AND ABIDE BY THE RULES AND CONDITIONS THAT YOU AGREED TO WHEN YOU HAD THE ANKLE MONITOR PLACED ON YOUR PERSON AND YOU CONSENTED TO THE PROGRAM BY SIGNING AND INITIALING ALL FORMS THAT YOU WERE PROVIDED A COPY OF. HAVE A GREAT WEEKEND."

7.

At 6:01pm, Plaintiff sent one final message to Defendant Walley, reemphasizing Plaintiff's concern that he was being held captive in his own home, and that Plaintiff had a good faith belief he was being unconstitutionally restrained. In spite of Defendant Walley's previous pugnacious communication, Plaintiff maintained a respectful approach to the Defendant who was violating Plaintiff's rights. Plaintiff's message was as follows:

"Thank you for your response. If you review my file, you'll find documentation that I have an official diagnosis of adult ADHD from UAB medical center. This means that sometimes I think I understand something, only to learn later that I don't. I have reviewed the contract, and rule #1 states: "Notify the EM deputy immediately with questions/problems regarding the rules and/or equipment." Accordingly, this is my concern: To the best of my understanding, according to the wording of

the contract, any failure to abide by the EM agreement "may" result in a revocation of my bond, so any failure does not guarantee a revocation. However, with the dismissal of my case, I am no longer "on bond". (Bay Bonding confirmed this.) And because I am no longer on bond, my bond cannot be revoked. Ergo, no motion to revoke bond will be legal or binding. Further, to my limited understanding, the legal waiver of liability ceased to have any authority with the dissolution of my bond 3 days ago, Feb 18, 2025. But bear in mind, my ADHD may be playing tricks on my comprehension. I'm merely making you aware of this situation in accordance with rule #1 and documenting it for future reference. Perhaps it will get resolved next week.

Meanwhile, I'll continue to be restrained for another 4 days by what I believe in good faith to be an unconstitutional arrest, with the assurance from you that I will be taken to jail if I leave my house. Respectfully submitted."

8.

Predictably, Defendant Walley did not respond to Plaintiff's message. That same day, Plaintiff's attorney, Mr. Crongeyer, filed a MOTION FOR RELIEF FROM BOND CONDITIONS in Judge Bucci's court. This motion was filed electronically and, thus, accessible online immediately. Nevertheless, Plaintiff spent the entire weekend (an

additional three days) on house arrest and electronic monitoring, unable to leave his home under threat of arrest.

9.

Three days later, on February 24, 2025, at 1:45pm, Plaintiff's MOTION FOR RELIEF FROM BOND CONDITIONS was granted, and the judge entered an Order for Defendant Walley to release Plaintiff from electronic monitoring. On February 24, 2025, at 2:28pm, Plaintiff sent a link to the ORDER in alacourt.gov to Defendant Walley via the app, and begged once again for Defendant to release Plaintiff from the monitoring and its restrictive conditions. Again, Defendant refused to respond to Plaintiff's urgent pleas. After a few hours with no response, Plaintiff, risking arrest, left his home in Mississippi en route to the Mobile County Sheriff's Department in the hope of finally having the monitor removed. When Plaintiff arrived at the Sheriff's Department, a different deputy (Owen Bradley) met with Plaintiff and removed the monitor from Plaintiff's person. Defendant Walley was conspicuously absent, and never made an appearance during the process. At approximately 5pm on February 24, 2025, Plaintiff was finally released from custody and the draconian conditions imposed on him through coercion by the Mobile County Sheriff's Department and its Defendant agent.

10.

Plaintiff has a good faith belief that Defendant's actions during this entire situation preclude him from a defense of qualified immunity. Defendant had ample opportunity for numerous days to exercise due diligence and communicate with the court, and to access the files located in alacourt.gov to help him make the determination that Plaintiff, indeed, was no longer under bond conditions and no longer subject to house arrest or

an electronic monitor. The documented fact that Defendant willfully chose not to communicate with the courts or to access alacourt.gov shows he is not entitled to qualified immunity. It further shows malicious intent by Defendant to unduly restrain Plaintiff and deprive him of his constitutional rights.

## DEMAND FOR RELIEF

Plaintiff is seeking $500,000.00 in compensatory and punitive damages for the days he spent on house arrest after his case was no-billed. Plaintiff endured mental anguish brought upon by the uncertainty of living under such conditions. The fact that Plaintiff was told by Defendant that his previous monitoring conditions, supported by a Court Order, were no longer valid, and that he would not be released after his case was no-billed, cast a pall upon Plaintiff's mental state, forcing him to live in doubt and fear of worse things to come, where Court Orders meant nothing, and detention had no foreseeable end. The punitive damages Plaintiff seeks are proportional to Defendant's willful, wanton and reckless negligence of his duties and moral obligations. Defendant's willful refusal to confer with the court via a simple email or phone call, or to consult the no-bill information in alacourt.gov, are a clear indication that Defendant lacks any desire to exercise the minimal due diligence required of his position. Defendant acted in a manner indicative of someone who knows that his power over others is absolute, and that his misdeeds will go unchecked.