**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| RICHARD A. HIGHTOWER, | * | |
| | * | |
|     Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 26-00127-KD-B |
| | * | |
| DOUGLAS W. WALLEY, SR., | * | |
| | * | |
|     Defendant. | * | |

## ORDER

This action is before the Court on Plaintiff Richard A. Hightower's motion for appointment of counsel (Doc. 7). In the motion, Hightower, who is proceeding *pro se* and *in forma pauperis*, indicates that he has been unable to find counsel to represent him in this action, and he asks the Court to appoint an attorney to represent him. (Id. at 1-2). Hightower asserts that without the assistance of counsel, he "will be unable to meaningfully pursue this claim" and his "*pro se* efforts will waste much of the Court's time." (Id. at 1).

A district court has broad discretionary authority to appoint counsel for an indigent plaintiff in a civil case. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (stating that the district court has "broad discretion" in deciding whether to appoint counsel for an indigent plaintiff under 28 U.S.C. § 1915(e)(1)).

As a civil litigant, Hightower has no absolute statutory or constitutional right to counsel. See Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010) (per curiam); Bass, 170 F.3d at 1320 ("A plaintiff in a civil case has no constitutional right to counsel."). Appointment of counsel "is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citations omitted). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). "Where the facts and issues are simple, he or she usually will not need such help." Id.

Hightower has not shown that the instant case presents exceptional circumstances that would warrant the appointment of counsel on his behalf. Thus far, Hightower has had no apparent difficulty presenting the essential merits of his position to the Court, and although he was ordered to amend his complaint to correct certain deficiencies, he was able to file an amended complaint that generally complied with the Court's directives. (See Docs. 3, 4). Indeed, Hightower has offered no specific facts to support his request for court-appointed counsel except for his

2

lack of success in finding an attorney willing to represent him in this matter.

Like most other litigants, Hightower would likely be aided by the assistance of counsel, but this case does not appear to be so unusual or complex that the appointment of counsel is necessary, particularly at this early stage of the proceedings.  Accordingly, Hightower's motion for appointment of counsel (Doc. 7) is **DENIED.**

**ORDERED** this **28th** day of **May, 2026.**

                **/s/ SONJA F. BIVINS**
                **UNITED STATES MAGISTRATE JUDGE**