**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RICHARD HIGHTOWER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **1:26-cv-00127-KD-B** |
| **DEPUTY DOUGLAS W. WALLEY, SR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant Deputy Douglas W. Walley, Sr. ("Deputy Walley"), by and through undersigned counsel, respectfully moves this Court to dismiss Plaintiff Richard A. Hightower's Amended Complaint (Doc. 4 'Statement of Complaint') pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. As grounds in support of this Motion, the Defendant shows unto the Court as follows:

**BACKGROUND**

On February 17, 2025, Plaintiff was placed on electronic monitoring administered by the Mobile County Sheriff's Office as a condition of his bond in a separate criminal matter. Deputy Walley was the deputy responsible for Plaintiff's monitoring. (Doc. 4, ¶¶ 1-2)

On February 18, 2025, a Mobile County grand jury no-billed the charge against Plaintiff, and Plaintiff asked Deputy Walley to remove the monitor. Deputy Walley responded that the monitor could be removed only upon a court order, stating that the office "can only remove an ankle monitor when the court orders us to do so," and that Plaintiff was to remain on the program until such an order issued. (Doc. 4, ¶ 4)

On Friday, February 21, 2025, Plaintiff's defense attorney filed a motion for relief from

bond conditions and on Monday, February 24, 2025 at 1:45 p.m. the court granted Plaintiff's motion and ordered Plaintiff released from electronic monitoring; the monitor was removed that same day by another deputy. (Doc. 4, ¶¶ 8, 9) Plaintiff seeks $500,000 in compensatory and punitive damages for the days he spent on electronic monitoring.

## INTRODUCTION

For purposes of this Motion only, and without conceding the truth of Plaintiff's allegations, the Court must accept Plaintiff's well-pleaded factual allegations as true in determining whether the Amended Complaint states a claim for relief. This case arises from Plaintiff's continued placement on court-ordered electronic monitoring after a grand jury returned a no-bill in his criminal case and before the court entered an order directing that the monitor be removed. Plaintiff contends that Deputy Douglas W. Walley, Sr. violated his constitutional rights under the Due Process Clauses Fifth and Fourteenth Amendments by declining to remove the monitor before receiving judicial authorization to do so.

Even accepting those allegations as true, however, the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed for the following reasons: (1) Plaintiff's Amended Complaint fails to allege a constitutional violation. The Fifth Amendment Due Process Clause provides certain protections from the federal government and because Deputy Walley is a state official, this claim fails. The Fourteenth Amendment over-detention claim, the Amended Complaint alleges, at most, negligence, not the deliberate indifference such a claim requires. (2) Deputy Walley is entitled to qualified immunity because Plaintiff identifies no clearly established law requiring a reasonable deputy to remove a court-ordered electronic monitor absent a court order authorizing its removal. (3) To the extent Plaintiff asserts claims against Deputy Walley in his official capacity, those claims are barred by the Eleventh

Amendment and because a sheriff's deputy acting in his official capacity is not a "person" subject to suit for damages under 42 U.S.C. § 1983.

Because these deficiencies are legal rather than factual and cannot be cured through amendment or discovery, the Amended Complaint should be dismissed with prejudice.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12 (b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Legal conclusions and threadbare recitals of the elements of a cause of action do not suffice. *Id.*; *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Although pro se pleadings are construed liberally, they must still comply with procedural rules and satisfy the plausibility standard articulated in *Twombly* and *Iqbal*. *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008).

## ARGUMENT

### I. Plaintiff's Amended Complaint Fails to Allege a Constitutional Violation

#### A. Fifth Amendment Claim Does Not Apply

Plaintiff's claim under the Fifth Amendment fails because he has not alleged that any federal actors have played a role in any of the allegations which serve as the basis of his Amended Complaint.

> The Fifth Amendment to the United States Constitution restrains the federal government, and the Fourteenth Amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law. The Fifth Amendment's due process clause applies only to the federal government.

*Young v. City of Mobile*, 2014 WL 588827, at *4 (S.D. Ala. Oct. 29, 2014). Therefore, his Fifth Amendment due process clause claim should be dismissed.

**B. Fourteenth Amendment Due Process: No Plausible Claim**

The first step in any § 1983 analysis requires identification of the precise right that is alleged to have been violated. *Alcocer v. Mills*, 906 F.3d 944 (11th Cir. 2018) Plaintiff's claim alleges that he had a right to be free from continued "detention" after law enforcement should have known that he was entitled to release, therefore asserting a violation of his Fourteenth Amendment right to due process. The Eleventh Circuit have analyzed situations when an individual alleges an "over-detention," or a continued detention after a right to release where probable cause supported the original charge under the Fourteenth Amendment. *Id.*

A claim of over-detention requires the Plaintiff to demonstrate that the defendant acted with deliberate indifference. Those requirements must show that the defendant (1) had subjective knowledge of a risk of serious harm in the form of continued detention when the plaintiff was entitled to release, (2) disregarded that risk, and (3) did so by conduct that is more than mere negligence. *Alcocer v. Mills*, 906 F.3d 944 (11th Cir. 2018).

The Amended Complaint pleads no such indifference. By Plaintiff's own account, Deputy Walley did not disregard the situation; he informed Plaintiff that the monitor could be removed only by a court order and the ankle monitor was removed the same day the order was issued. Plaintiff repeatedly characterizes Deputy Walley's conduct as negligent and a failure of diligence. (Doc. 4, ¶ 10)

The Supreme Court has held that detention pursuant to valid process does not offend due process simply because an official declined to credit a protest of innocence, and that a three-day detention does not and could not amount to a deprivation of liberty without due process. *Id.* The Eleventh Circuit, sitting en banc, reaffirmed that a short detention pursuant to valid, probable-cause-supported process states no over-detention claim under *Baker*. *Sosa v. Martin Cnty., Fla.*,

57 F.4th 1297 (11th Cir. 2023)

Additionally, a federal court recently applied this framework to dismiss a materially similar § 1983 over-detention claim with prejudice. *Ayala v. City of Pembroke Pines*, No. 0:25-CV-60294, 2025 WL 2202101 (S.D. Fla. June 27, 2025). The court held that the Fourteenth Amendment protects against over-detention, and conditions on pretrial release are not detentions. A detention cannot occur when the plaintiff is released and that conditions of pretrial release flow from a criminal defendant's post-arrest release and are therefore categorically distinct from detention. *Id.* The court was aware of no case finding that conditions of pretrial release are detentions under the Fourteenth Amendment. *Id.*

The same reasoning compels dismissal here. Plaintiff was placed on electronic monitoring as a condition of his bond—that is, a condition of pretrial release, not a detention—and conditions of pretrial release are not detentions that give rise to a Fourteenth Amendment over-detention claim.

## II. Deputy Walley is Entitled to Qualified Immunity

Qualified immunity may be resolved on a Rule 12(b)(6) motion and dismissal is appropriate where the complaint fails to allege the violation of a clearly established constitutional right, and once qualified immunity is raised, the burden shifts to the plaintiff to show that it does not apply. *Washington v. Rivera*, 939 F.3d 1239 (11th Cir. 2019).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). To invoke qualified immunity, a government

official must have been acting within the scope of his "discretionary authority" when the allegedly wrongful acts occurred. *Grider v. City of Auburn*, 618 F.3d 1240, 1254 n.19 (11th Cir. 2010). The burden then shifts to the plaintiff to show that the official's conduct (1) violated federal law (2) that was clearly established at the relevant time. *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998). This "two-pronged analysis may be done in whatever order is . . . most appropriate for the case." *Grider*, 618 F.3d at 1254 (citing *Pearson*, 555 U.S. at 236).

"A government official acts within her discretionary authority if the actions were (1) undertaken pursuant to the performance of [her] duties and (2) within the scope of [her] authority." *Lenz v. Winburn*, 51 F.3d 1540, 1545 (11th Cir. 1995) (alterations in original). "[T]o pass the first step of the discretionary function test for qualified immunity, the defendant must have been performing a function that, *but for* the alleged constitutional infirmity, would have fallen with[in] his legitimate job description." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1266 (11th Cir. 2004).

There is no dispute that Deputy Walley was acting within the scope of his discretionary authority at the time of the alleged conduct. Plaintiff alleges that Deputy Walley was the deputy assigned to administer Plaintiff's court-ordered electronic monitoring and that, in that capacity, informed Plaintiff the ankle monitor could not be removed until the court entered an order authorizing its removal. (Doc. 4, ¶¶ 1–4) These actions were undertaken in the performance of Deputy Walley's official duties and pursuant to his responsibilities as a deputy assigned to the Mobile County Sheriff's Office Electronic Monitoring Unit. Because the conduct at issue arose from the performance of his job-related functions, Deputy Walley was acting within his discretionary authority for purposes of qualified immunity.

In order for Plaintiff to overcome Deputy Walley's qualified immunity, he must show (1)

that they "violated a constitutional right" and (2) that "the violated right was clearly established." *Washington v. Rivera*, 939 F.3d 1239, 1245 (11th Cir. 2019) (citation omitted). The Court can decide these two elements in any order; a plaintiff's failure to establish either is enough to grant qualified immunity. *Pearson*, 555 U.S. at 242. The Plaintiff cannot meet either aspect of this burden. First, the Amended Complaint's allegations fail to demonstrate that Deputy Walley violated any constitutional right. Plaintiff's placement on electronic monitoring was pursuant to court-ordered conditions of release while on bond.

Plaintiff identifies no case law or statutory authority to supports the proposition that a deputy violates the Constitution by maintaining a court-ordered electronic monitor until a court enters an order authorizing its removal. To the contrary, the Amended Complaint alleges that Plaintiff's criminal defense attorney had filed a motion with the court to modify bond conditions on Friday, February 21, 2025, and Deputy Walley awaited the court order authorizing the monitor be removed, which was done the same day the court order was issued. (Doc. 4, ¶¶ 8, 9) Even if Deputy Walley's actions were mistaken—which the allegations do not plausibly establish—qualified immunity protects reasonable mistakes of law and fact. *Pearson*, 555 U.S. at 231.

Additionally, Plaintiff has failed to allege the Defendant's violation of any clearly established constitutional right. A right is clearly established only when existing precedent gave the official fair warning that the specific conduct at issue was unconstitutional. *Washington*, 939 F.3d at 1245. Three traditionally recognized methods of asserting a violation of clearly established law are available to the Plaintiff: (1) a "materially similar case" decided by the U.S. Supreme Court, the Eleventh Circuit, or the Alabama Supreme Court; (2) a "broader, clearly established principle that should control the novel facts of the situation"; or (3) a valid argument

that "the conduct involved in the case . . . so obviously violate[s] the constitution that prior case law is unnecessary." *Terrell v. Smith*, 668 F.3d 1244, 1255 (11th Cir. 2012) (cleaned up).

Finally, Plaintiff's assertion that Deputy Walley forfeited qualified immunity by willfully failing to consult the court or review the online docket is a conclusory legal allegation that the Court need not accept as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor does Plaintiff identify any clearly established authority imposing such a constitutional duty under these circumstances. Accordingly, Deputy Walley is entitled to qualified immunity as to any individual-capacity claim against him is due to be dismissed.

## III. The Eleventh Amendment Bars Any Official-Capacity Claim

To the extent Deputy Walley is sued in his official capacity, any § 1983 claim is barred. The Eleventh Circuit has held that "Alabama deputy sheriffs are immune from suit in their official capacities under the eleventh amendment to the United States Constitution." *Carr v. City of Florence, Ala.*, 916 F.2d 1521 (11th Cir. 1990)

Unless a state has waived its sovereign immunity or Congress abrogates immunity, the Eleventh Amendment unequivocally bars suits for money damages against a state. *Id*. Congress has not abrogated Eleventh Amendment immunity in § 1983 cases, nor has the State of Alabama consented to suit. *Id*. An Alabama federal district court has applied both grounds to dismiss official-capacity § 1983 claims against a deputy sheriff. *Duncan v. Bibb Cnty. Sheriff's Dep't*, 471 F. Supp. 3d 1243 (N.D. Ala. 2020). Plaintiff's demand for punitive damages confirms the point, as punitive damages are unavailable against an official-capacity defendant. *Id.*

## CONCLUSION

For the reasons stated above, the Plaintiff's claims against Defendant Douglas W.

Walley, Sr. are due to be dismissed. Accordingly, Defendant Walley respectfully requests that this Honorable Court enter an Order dismissing the Amended Complaint in its entirety and with prejudice.

Respectfully Submitted

*/s/ Wanda B. Rahman*

WANDA B. RAHMAN (7758-N77W)
Mobile County Sheriff's Office
510 S Royal Street
Mobile, AL 36603
251-490-8767
wrahman@mobileso.com

*Counsel for Defendant Douglas W. Walley, Sr.*

**CERTIFICATE OF SERVICE**

I do hereby certify that, on this the 13th day of July 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF Filing System, and I have placed a copy of it in the United States Mail, postage prepaid to the following:

Richard A. Hightower
9524 MS 613 #1
Moss Point, MS 39562
*Pro Se Plaintiff*

*/s/ Wanda B. Rahman*
WANDA B. RAHMAN (7758-N77W)