**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

RICHARD A. HIGHTOWER,        *

                              *

    Plaintiff,            *

                              *

vs.                      * CIVIL ACTION NO. 26-00127-KD-B

                              *

DOUGLAS W. WALLEY, SR.,    *

                              *

    Defendant.          *

## ORDER

This action is before the Court on Plaintiff Richard A. Hightower's renewed motion for appointment of counsel (Doc. 12). In the motion, Hightower, who is proceeding *pro se* and *in forma pauperis*, reiterates his contention that counsel should be appointed because he "is unable or otherwise unqualified" to represent himself in this matter. Hightower further represents that he "has an officially documented diagnosis of adult ADHD," which affects him "in ways that even he is unable to understand or articulate." (Id. at 1-2).

As noted previously, a district court has broad discretionary authority to appoint counsel for an indigent plaintiff in a civil case. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (stating that the district court has "broad discretion" in deciding whether to

appoint counsel for an indigent plaintiff under 28 U.S.C. § 1915(e)(1)).

As a civil litigant, Hightower has no absolute statutory or constitutional right to counsel. See Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010) (per curiam); Bass, 170 F.3d at 1320 ("A plaintiff in a civil case has no constitutional right to counsel."). Appointment of counsel "is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citations omitted). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). "Where the facts and issues are simple, he or she usually will not need such help." Id.

Once again, Hightower has not shown that the instant case presents exceptional circumstances that would warrant the appointment of counsel on his behalf. Hightower's claims are neither factually nor legally complex. Regardless of his alleged ADHD diagnosis, Hightower has thus far been able to follow the Court's instructions and present the essential merits of his position to the Court in an organized fashion. Like most other

2

litigants, Hightower would likely be aided by the assistance of counsel, but this case does not appear to be so unusual or complex that the appointment of counsel is necessary, particularly at the pleading stage.  See, e.g., Natty v. Stone, 2014 U.S. Dist. LEXIS 186643, at *1-2, 2014 WL 11456063, at *1 (N.D. Ga. June 27, 2014) (denying motion for appointment of counsel based on plaintiff's allegations that she was suffering from PTSD and depression).

Because Hightower has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel, his renewed motion for appointment of counsel (Doc. 12) is **DENIED**. Nothing in this order prevents Hightower from obtaining counsel on his own, but the Court will not assist him in doing so at this time.  Should it later become apparent that legal assistance is required in order to avoid prejudice to Hightower's rights, the Court, on its own motion, will consider assisting him in securing legal counsel at that time.  Consequently, there is no need for Hightower to file additional requests for appointment of counsel.

ORDERED this **20th** day of **July, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

3