FILED - USDC ALSD
AUG 31 '26 AM11:47

**UNITED STATES DISTRICT COURT**
**for the**
**Southern District of Alabama**

| | | |
|---|---|---|
| **Richard A. Hightower** | ) | **Case No: 26-127-KD** |
| *Plaintiff* | ) | |
| | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| | ) | |
| **Douglas Walley, Sr.** | ) | |
| **(Mobile County Sheriff's Office)** | ) | |
| *Defendant* | ) | |

**Plaintiff's Response in Opposition to Defendant's Motion to Dismiss**

Comes now, Plaintiff, Richard Hightower, pro se, in response to Defendant Douglas W. Walley, Sr.'s Motion to Dismiss, and requests the Court deny Defendant's Motion to Dismiss with prejudice on the grounds that Plaintiff, in his understanding, has met all obligations required in filing a Civil Complaint.

**STANDARD OF REVIEW**

With respect to the Motion to Dismiss, pursuant to Rule 12(b)(6), the Court will observe first that Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). It is the Plaintiff's belief that the Amended Complaint satisfies this requirement,

as Plaintiff provided basic indisputable factual allegations which, he felt at the time, were self-evident as violations, and that the case should move forward. The reasons the Court should deny the Motion to Dismiss are as follows:

1

Defendant's Motion states that "Plaintiff identifies no case law or statutory authority to support the proposition that a deputy violates the Constitution by maintaining a court-ordered electronic monitor until a court enters an order authorizing its removal (p.7, ¶ 2)."

However, according to Rule 8 of the Alabama Rules of Civil Procedure, Alabama is a "notice pleading state." Therefore, Plaintiff only needs to provide a short, plain statement giving Defendant fair notice of the general claims and basic issues in a lawsuit, rather than listing exhaustive or hyper-detailed supporting facts. The demand by Defendant that this case be dismissed because the Plaintiff did not provide case law or other supporting references is baseless and against what is required in the State of Alabama. Plaintiff did due diligence in providing a brief summary, stating only core information and occurrences that pertain to his claim, and avoided filling the complaint with superfluous legalese or unnecessary citations.

A notice pleading state only requires enough facts to put the defendant on notice of the claim, but does not require detailed factual allegations. Plaintiff is not required to prove the case or plead extensive evidentiary facts upfront. Ergo, Defendant's Motion to Dismiss based on the assertion that the Plaintiff did not cite statutes or case law is without merit and is due to be denied.

2

Defendant's Motion states, "Plaintiff's Amended Complaint fails to allege a constitutional violation. The Fifth Amendment Due Process Clause provides certain protections from the federal government and because Deputy Walley is a state official, this claim fails (p.2, Introduction, ¶ 2)."

Because of the aforementioned notice-pleading state-of-affairs, Plaintiff points out that nowhere in his complaint did he quote, cite or mention any constitutional amendments, as, again, he was instructed to outline the simple, unadorned facts of his complaint. Defendant's umbrage at the seeming use of an inaccurate amendment appears to arise from the separate document of the cover sheet accompanying Plaintiff's complaint. If this is the case, Plaintiff asserts that the inaccurately checked box on the cover sheet can be easily corrected, and is not so egregious and out-of-hand as to justify the dismissal of his complaint with prejudice.

As stated in two separate motions to the Court for appointment of counsel, Plaintiff is not a law professional and does not possess adequate knowledge of the law, as illustrated here by his inaccurate filling-out of a cover sheet. Plaintiff now understands that because his complaint is a State case, the Amendment that was violated is the Fourteenth Amendment, not the Fifth. Therefore, if the granting or denial of Defendant's Motion to Dismiss hinges upon the incorrect documentation of the Fifth Amendment versus the Fourteenth Amendment on the cover sheet, then Plaintiff implores the Court to allow Plaintiff to submit a corrected cover sheet documenting the amendment(s) at issue in his complaint to amend this amateur error. Plaintiff can easily provide a legitimate Fourteenth Amendment basis for his complaint.

3

Defendant's Motion claims Defendant is entitled to Qualified Immunity, stating, "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan,* 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). To invoke qualified immunity, a government official must have been acting within the scope of his "discretionary authority" when the allegedly wrongful acts occurred. *Grider v. City of Auburn,* 618 F.3d 1240, 1254 n.19 (11th Cir. 2010).

Plaintiff argues that Defendant is not entitled to Qualified Immunity because Defendant violated Rule 12.8.d of the Alabama Rules of Criminal Procedure, as illustrated below:

The no-bill for Plaintiff was entered into Alacourt at 9:57AM on February 18, 2025, and from that moment, Defendant was required under the Alabama Rules of Criminal Procedure to adhere to Rule 12.8.d which states:

> "If the defendant is in custody or has been conditionally released, and the charge has been presented to the grand jury and no indictment is returned, the foreman shall promptly so report to the court in writing, and, unless the court shall order otherwise, the defendant held shall be released forthwith from custody or if the defendant has previously been conditionally released, the defendant shall be relieved of any obligation made in connection with such conditional release."

Plaintiff contends that Defendant's procedural violation of the rules of criminal procedure rose to the level of constitutional violation.

Defendant has said on multiple instances in his Motion to Dismiss that Plaintiff was not "detained" but instead on "conditional release,"; however, Rule 12.8.d applies not only to detained individuals, but also those on conditional release. This rule does not state that Defendant was required to wait on a court order to release Plaintiff from electronic monitoring, but instead states that UNLESS Defendant received a court order stating OTHERWISE, Plaintiff was to FORTHWITH be released from electronic monitoring.

Defendant asserts that Plaintiff's "conditional release", or "electronic monitoring" does not constitute a detention. Plaintiff never used the word "detention" within the context of his complaint. Its appearance in his Demand for Relief is representative of his state of mind during his ordeal.

4

Defendant claims the Eleventh Amendment bars any official-capacity claims. Defendant is incorrect. The Eleventh Circuit has recently ruled in *Chantele Foster v. Kevin Emberg* (May 2026), that **plausible allegations of personal animus defeat a government official's claim to state sovereign immunity** at the motion-to-dismiss stage. As previously stated, Defendant's personal choice to communicate to Plaintiff IN ALL CAPS after Plaintiff expressed his concern about Defendant violating Plaintiff's rights fits squarely within the personal animus criteria, as sending a text message IN ALL CAPS in the context of a refusal to fulfill a requested action is a universally understood and acknowledged method of intimidating communication employed by petty tyrants and abusive spouses.

5

Defendant argues that "The Supreme Court has held that detention pursuant to valid process does not offend due process simply because an official declined to credit a protest of innocence, and that a three-day detention does not and could not amount to a deprivation of liberty without due process. Id. The Eleventh Circuit, sitting en banc, reaffirmed that a short detention pursuant to valid, probable-cause-supported process states no over-detention claim under *Baker. Sosa v. Martin Cnty., Fla.,* 57 F.4th 1297 (11th Cir. 2023)".

However, Defendant's argument is invalid, as it is irrelevant to Plaintiff's complaint. Plaintiff's ordeal was not pursuant to a valid process. Plaintiff's ordeal began at the conclusion of the valid process. Plaintiff's ordeal began after the valid process had run its course to completion. Further, Plaintiff's ordeal was twice longer than the aforementioned three-day detention, and Defendant's motion to dismiss Plaintiff's complaint on such grounds is an attempt to bamboozle this Court.

Defendant argues that pre-trial release is not a "detention", or is distinct from "detention". However, pre-trial release also does not pertain to Plaintiff's situation. While Plaintiff was not held confined in Mobile County Metro Jail, Plaintiff was held and confined elsewhere, and his confinement was a continued restriction of liberty without due process. Further, assuming that pre-trial release did pertain to Plaintiff's situation, the no-bill immediately dissolved such a status, and Plaintiff was not on pre-trial release at the time he was pleading with Defendant Walley to have his ankle monitor removed. Plaintiff was a free citizen subject to no pre-trial or conditional release restrictions.

6

Defendant states "Plaintiff repeatedly characterizes Deputy Walley's conduct as negligent and a failure of diligence.". Defendant's assertions are subjective and an attempt to obfuscate the plain facts of Plaintiff's complaint. Plaintiff asserts that Defendant Walley's conduct was far beyond negligence or failure of diligence, and falls squarely within the realm of "deliberate indifference". The fact that Defendant had knowledge of the no-bill and refused to release Plaintiff is, ipso facto, proof of deliberate indifference, for any reasonable person can conclude that any reasonable deputy with a moral compass would have taken steps to contact the authorities to determine the apt course of action, and would have taken such action after confirming what needed confirming. Defendant did no such thing. Defendant did not offer any further communication with Plaintiff after Plaintiff sent Defendant proof of the no-bill and expressed his concerns about the unconstitutionality of Defendant's refusal to act; Defendant simply dismissed Plaintiff's pleas outright. Pointedly, Defendant, in his communication with Plaintiff in text messages prior to the no-bill, employed standard capitalization and punctuation. After Plaintiff informed Defendant of the no-bill and asserted his rights, Defendant communicated to Plaintiff IN ALL CAPS (a universally understood indication of "yelling" to assert dominance and authority over the recipient of the texts). Defendant Walley's conduct was the embodiment of deliberate indifference, and his ALL-CAPS response to Plaintiff's pleas easily

spilled into the category of wilful maliciousness. Defendant had a moral and ethical obligation to use the resources available to him (namely the Alacourt online system) to verify in mere minutes that Plaintiff had, in fact, received a no-bill, and therefore was no longer to be held on electronic monitoring. Defendant instead chose to abuse his position of power and refuse to take appropriate action. Defendant's inaction was not simple negligence, but an active and wilful choice.

It can further be reasonably assumed that Defendant Walley was fully aware of the no-bill, for any reasonable Deputy, concerned with doing his job, would have taken steps to verify the information, at the least, for the purpose of determining whether or not Plaintiff was lying to Defendant. Any reasonable person would acknowledge that Defendant Walley would have gleefully charged Plaintiff with providing false information to a law enforcement officer if Defendant determined Plaintiff was attempting to mislead him, or, at the least, Defendant would have attempted to revoke Plaintiff's bond for violating the terms and conditions of the monitoring contract by providing false information. Defendant knew of the no-bill and wilfully and maliciously refused to take the appropriate and professional action.

**CONCLUSION**

It is the Plaintiff's request that the Court accept the Complaint's allegations as true and view them in a light most favorable to the Plaintiff, according to Alabama Rule 12(b)(6), and deny Defendant's dismiss motion. However, if it is determined that Plaintiff must supply numerous constitutional citations within the body of his complaint in addition to referencing them in the cover sheet, Plaintiff prays that this honourable Court, in the interest of justice, will grant him leave to amend his Complaint, for Plaintiff's claims otherwise easily survive the Twombly plausibility standard.

CERTIFICATE OF SERVICE

I do hereby certify that, on this the 31st day of August 2026, the foregoing document was filed in person with the Clerk of the Court at 155 St Joseph St, Mobile, AL 36602, and I have included copies to be sent to the Defendant as listed below:

Douglas W. Walley, Sr.
Deputy, Mobile County Sheriff's Office

*represented by Wanda B. Rahman*
*Mobile County Sheriff's Office*
510 S. Royal Street
Mobile, AL 36603
251-490-8767
Email: wrahman@mobileso.com
LEAD ATTORNEY
ATTORNEY TO BE NOTIFIED

Richard A. Hightower
9524 MS 613, Lot 1
Moss Point MS 39562
*Pro Se Plaintiff*