RECEIVED - USDC ALSD
NOV 25 '26 PM12:20

FILED - USDC ALSD
NOV 25 '26 PM12:20

**UNITED STATES DISTRICT COURT**
**for the**
**Southern District of Alabama**
**Southern Division**

| | | |
|---|---|---|
| **Richard A. Hightower** | ) | **Case No: 26-127-KD** |
| *Plaintiff* | ) | |
| | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| | ) | |
| **Douglas Walley, Sr.** | ) | |
| **(Mobile County Sheriff's Office)** | ) | |
| *Defendant* | ) | |
| | ) | |

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(2), and S.D. Ala. General Local Rule 72(c), Plaintiff respectfully objects to the Magistrate's Report and Recommendation (R&R) (Doc. 18), entered on October 5, 2026. Under 28 U.S.C. § 636(b)(1), the District Judge must conduct a *de novo* review of the specific portions objected to below, accepting Plaintiff's factual allegations as true (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) and liberally construing Plaintiff's pro se pleadings (*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

**OBJECTION 1: Plaintiff's Inadvertent Citation of the Fifth Amendment Rather Than the Fourteenth and Fourth Amendments Does Not Warrant Dismissal (R&R, Pp. 11-12).**

The Report and Recommendation errs where it recommends dismissal because Plaintiff's complaint cited the Fifth Amendment rather than the Fourteenth or Fourth Amendments against a county law enforcement officer. Under U.S. Supreme Court

precedent, federal pleading rules *"do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."* *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam). Courts evaluating a pro se complaint must look to the substance of the facts alleged rather than technical legal labels used by a non-lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In Paragraphs 4-7 of the Complaint, Plaintiff alleges specific facts showing that Defendant—a Mobile County Sheriff's Deputy acting under color of state law—refused to remove Plaintiff's electronic monitor until February 24, 2025, after a Grand Jury had returned a No Bill on February 18, 2025, and without any court order authorizing continued restraint. Those facts directly implicate both:

1. The **Fourteenth Amendment's Due Process Clause**, which prohibits state and local officials from depriving a person of physical liberty after legal authority has expired (*Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993)); and
2. The **Fourth Amendment**, because attaching a GPS monitor constitutes an ongoing Fourth Amendment search (*Grady v. North Carolina*, 575 U.S. 306, 310 (2015)), and continuing a pretrial physical restraint after probable cause and legal authority have ceased constitutes an unreasonable seizure (*Manuel v. City of Joliet*, 580 U.S. 357, 367–69 (2017)).

Citing the Fifth Amendment instead of the Fourteenth and Fourth Amendments is a purely technical error that cannot justify dismissal under Rule 12(b)(6), and Plaintiff should be permitted to clarify both constitutional bases in a Second Amended Complaint.

**OBJECTION 2: Defendant Is Not Entitled to Qualified Immunity for Refusing to Remove Electronic Monitoring After a Grand Jury "No Bill" (R&R, Pp. 12-23).**

The Report and Recommendation errs in concluding that Defendant is shielded by qualified immunity. In reaching that recommendation, the R&R failed to account for Plaintiff's specific factual allegation that, when notified of the No Bill, Deputy Walley stated the monitor could be removed only upon a court order—asserting that the office *"can only remove an ankle monitor when the court orders us to do so,"* and that Plaintiff was to remain on the program until such an order issued (Compl. ¶ 6). Viewed in the light most favorable to Plaintiff, that statement defeats qualified immunity.

1. **No Discretionary Authority & Mandatory Alabama Law:** Qualified immunity applies only when an official acts within their lawful discretionary authority. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). Under **Rule 12.8(d) of the Alabama Rules of Criminal Procedure**—which carries the full force and effect of state law pursuant to **Ala. Const. Art. VI, § 150** and **Ala. Code § 15-1-1**—when a grand jury returns no indictment, *"unless the court shall order otherwise, ... if the defendant has previously been conditionally released, the defendant shall be relieved of any obligation made in connection with such conditional release."* Because Ala. R. Crim. P. 12.8(d) commands that upon a Grand Jury No Bill, "the defendant shall be relieved of any obligation," Defendant had a strict, non-negotiable duty to end the monitoring—not the discretion

to enforce a conflicting office rule requiring a separate court order.

2. **An Office Practice Cannot Supersede Mandatory State Law or Confer Qualified Immunity:** Deputy Walley's stated position—that the office *"can only remove an ankle monitor when the court orders us to do so"*—impermissibly inverts Ala. R. Crim. P. 12.8(d), which requires a court order only if a judge wishes to *extend* conditional-release restrictions after a No Bill, not to *terminate* them. Under Eleventh Circuit precedent, "just following orders" or enforcing an internal agency policy does **not** confer qualified immunity where a reasonable officer has reason to know the order or policy violates clearly established law. *See O'Rourke v. Hayes*, 378 F.3d 1201, 1210 n.5 (11th Cir. 2004); *Barnett v. MacArthur*, 715 F. App'x 894, 908 (11th Cir. 2017) (denying qualified immunity where an officer continued detaining a plaintiff under an agency policy despite statutory language requiring release). Moreover, to the extent Defendant argued in his Motion to Dismiss that following office policy shields him from liability, the Court cannot accept unpleaded defense justifications outside the four corners of the Complaint at the Rule 12(b)(6) stage. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

3. **Clearly Established Fourteenth Amendment Right:** Plaintiff's Fourteenth Amendment due process right to be free from continued physical restraint after legal authority has expired was clearly established. See *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993); *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (officials have fair warning *"even in novel factual circumstances"*); *Vinyard v.*

*Wilson*, 311 F.3d 1340, 1350 (11th Cir. 2002) ("obvious clarity"). Although Defendant contends that electronic monitoring is not formal jail "detention," the Fourteenth Amendment's protection of physical liberty is not confined to brick-and-mortar jail cells; state-enforced GPS tracking and conditional-release restrictions directly restrain bodily freedom and locomotion (*see Meyer v. Nebraska*, 262 U.S. 390, 399 (1923); *Grady v. North Carolina*, 575 U.S. 306, 310 (2015)), which is precisely why Ala. R. Crim. P. 12.8(d) places conditional release on the exact same mandatory footing as physical custody upon a Grand Jury No Bill. Given the explicit mandate of Ala. R. Crim. P. 12.8(d), any reasonable Alabama officer had fair warning that enforcing electronic monitoring after a Grand Jury No Bill without judicial authorization violated the Fourteenth Amendment.

Moreover, while the R&R cites *Braddy v. Florida Department of Labor & Employment Security*, 133 F.3d 797, 801 (11th Cir. 1998), for the principle that qualified immunity shields officials in all but *"exceptional cases,"* an "exceptional case" in the Eleventh Circuit is simply one where binding law gave the officer fair warning that his conduct was unlawful, or where his conduct violated the Constitution with *"obvious clarity." Hope*, 536 U.S. at 741; *Vinyard*, 311 F.3d at 1350. Qualified immunity protects reasonable mistakes in gray areas—not an officer who ignores the mandatory text of Ala. R. Crim. P. 12.8(d), disregards written notice of a Grand Jury No Bill, promises in writing to check the case, and leaves a citizen under GPS restraint without probable cause or judicial authorization.

4. **A Citizen Has No Legal Duty to Educate an Officer on Specific Constitutional Citations:** The R&R errs in suggesting that Defendant lacked "fair warning" for qualified immunity purposes because Plaintiff did not identify the specific constitutional amendment or rule number when objecting to the continued monitoring. Under U.S. Supreme Court precedent, qualified immunity is governed by an objective standard asking whether a reasonably competent official knew or should have known the law governing his conduct—not whether an ordinary citizen informed the officer on constitutional citations. *Harlow v. Fitzgerald*, 457 U.S. 800, 818–19 (1982); *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (holding that fair warning comes from established law). A citizen has no burden to educate a sheriff's deputy on constitutional law.

5. **Defendant Acted With Deliberate Indifference by Refusing to Verify Accessible Alacourt Records After Written Notice of the No Bill:** Under Eleventh Circuit precedent, once an official receives factual notice that the legal basis for restraining a citizen has ended, failing to take simple steps to verify readily accessible official court records constitutes **deliberate indifference** in violation of clearly established Fourteenth Amendment due process rights. *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563–65 (11th Cir. 1993). Here, after the Grand Jury returned a "No Bill" on February 18, 2025, Plaintiff notified Defendant **in writing** of the No Bill and asserted that his rights were being violated (Compl. ¶¶ 4-7). Moreover, as Plaintiff will set forth in the Second Amended Complaint (requested in Objection 3 below), Defendant had direct, immediate access to verify the official disposition in

Alabama's electronic court system—indeed, Plaintiff personally observed Defendant access Plaintiff's Alacourt case file on Defendant's computer screen on the day Defendant initiated Plaintiff's electronic monitoring.

Even more tellingly, Plaintiff possesses a written communication from Defendant expressly stating that he would check Plaintiff's case (to quote Defendant: "I will check into your case tomorrow")—demonstrating that Defendant acknowledged his duty to verify the court record, yet never followed through. Rather than spending seconds checking the exact Alacourt record already available on his computer to confirm the No Bill, Defendant refused to verify the court docket and kept Plaintiff restrained until February 24, 2025. This refusal to verify official records after written notice is textbook deliberate indifference under *Cannon* and precludes qualified immunity.

**OBJECTION 3: Plaintiff Should Be Granted Leave to Amend to Sue Defendant in His Individual Capacity and Clarify the Constitutional and Factual Bases of the Claim (R&R, Pp. 2-6, 8-11).**

To the extent the Report and Recommendation recommends dismissal based on Eleventh Amendment immunity by construing Plaintiff's prior pleading as an official-capacity claim, first, under Eleventh Circuit precedent, when a pro se complaint does not specify capacity, courts look to the "course of proceedings" and the nature of the relief sought—such as seeking money damages against a named individual—rather than automatically presuming an official-capacity suit. *Hobbs v. Roberts*, 999 F.2d 1526, 1528–32 (11th Cir. 1993). Second, to eliminate ambiguity, Plaintiff respectfully requests

leave to file a Second Amended Complaint under Fed. R. Civ. P. 15(a)(2) to explicitly sue Defendant in his **individual capacity** for money damages under 42 U.S.C. § 1983. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991) (holding that individual-capacity claims are not barred by the Eleventh Amendment).

Although Plaintiff previously amended once, that amendment occurred before any judicial officer ruled on the sufficiency of the Complaint against Defendant Walley. Under Eleventh Circuit precedent, a plaintiff does not forfeit the opportunity to cure pleading defects merely because opposing counsel's motion to dismiss raised them prior to a court ruling; rather, leave to amend should be granted after the first judicial notice of a technical defect. *Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001). In accordance with *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999), Plaintiff sets forth the specific substance of the proposed Second Amended Complaint, which will:

1. Name Defendant strictly in his **individual capacity** for money damages under 42 U.S.C. § 1983 (*Fed. R. Civ. P. 15(c)(1)(C)*);
2. Plead claims under the **Fourteenth Amendment Due Process Clause** (*Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993)) and the **Fourth Amendment** (*Grady v. North Carolina*, 575 U.S. 306, 310 (2015); *Manuel v. City of Joliet*, 580 U.S. 357, 367–69 (2017));
3. Cite **Ala. R. Crim. P. 12.8(d)** as the mandatory state rule extinguishing conditional release obligations following a Grand Jury No Bill; and
4. Specify the factual timeline, including that Defendant had Plaintiff's Alacourt case file visible on his computer screen when initiating monitoring; that the

Grand Jury returned a No Bill on February 18, 2025; that Plaintiff notified Defendant in writing of the No Bill, and that Defendant refused his duty to verify Alacourt or remove the monitor until February 24, 2025.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the District Judge sustain these Objections, decline to adopt the Report and Recommendation, deny Defendant's Motion to Dismiss, and grant Plaintiff leave to file a Second Amended Complaint. Additionally, in light of Plaintiff's pro se status and documented ADHD—of which the Court is already aware—Plaintiff respectfully requests a period of 30 days following entry of the Court's Order to finalize, file, and serve the Second Amended Complaint.

Respectfully submitted this 25th day of November, 2026.

Richard A. Hightower, Pro Se
9524 MS 613 #1
Moss Point, MS 39532
(228) 369-1753
zanymadcap@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2026, I filed a true and correct copy of the foregoing *Plaintiff's Objections to Magistrate Judge's Report and Recommendation* in person with the Clerk of the Court at 155 St Joseph St, Mobile, AL 36602, and I have included copies to be sent to the Defendant as listed below:

Douglas W. Walley, Sr.
Deputy, Mobile County Sheriff's Office

represented by Wanda B. Rahman
Mobile County Sheriff's Office
510 S. Royal Street
Mobile, AL 36603
251-490-8767
Email: wrahman@mobileso.com
LEAD ATTORNEY
ATTORNEY TO BE NOTIFIED

Richard A. Hightower
Pro Se Plaintiff
9524 MS 613 #1
Moss Point, MS 39562